# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARTURO SAAVERDRA VAZQUEZ, | Case No. 1:26-cv-01996-JLT-EPG-HC |
| Petitioners, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF |
| v. | HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, |
| TANYA ANDREWS, et al., | AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH A BOND |
| Respondents. | HEARING |
| | (ECF Nos. 1, 9) |
| | ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL |
| | (ECF No. 2) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Petitioner be provided a bond hearing.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered without inspection and was not apprehended at the border. Petitioner has lived in the United States for eighteen years. He is married to a United States citizen and is the father of six United States citizen children. Petitioner

has always been the primary financial provider for his family, and for the past twelve years, Petitioner has worked in cement work and as a heavy equipment operator. (ECF No. 1 at 2–3.[1])

On February 12, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that "Petitioner's detention is not justified under 8 U.S.C. §§ 1226 or 1225. The government's reliance on Matter of Yajure Hurtado is misplaced, and the immigration judge's refusal to provide a bond hearing violates due process." (ECF No. 1 at 5.) On April 3, 2026, Respondents filed a motion to dismiss. (ECF No. 9.)

**II.**

**DISCUSSION**

**A.  Statutory Basis of Petitioner's Detention**

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Respondent asserts that Petitioner is subject to mandatory detention under to 8 U.S.C. § 1225(b)(2)(A) whereas Petitioner asserts that § 1226(a) is applicable.

8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. The Supreme Court has described 8 U.S.C. § 1225 as follows:

> Under § 302, 110 Stat. 3009–579, 8 U.S.C. § 1225, an alien who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as "an applicant for admission." § 1225(a)(1). Applicants for admission must "be inspected by

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

immigration officers" to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion. See § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens. Aliens covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) alien "indicates either an intention to apply for asylum ... or a fear of persecution," then that alien is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). Aliens who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those aliens "shall be detained for a [removal] proceeding" if an immigration officer "determines that [they are] not clearly and beyond a doubt entitled to be admitted" into the country. § 1225(b)(2)(A).

Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit." § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3 (2017). Such parole, however, "shall not be regarded as an admission of the alien." 8 U.S.C. § 1182(d)(5)(A). Instead, when the purpose of the parole has been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Ibid.*

Jennings v. Rodriguez, 583 U.S. 281, 287–88 (2018).

Until this year, DHS has applied section 1226(a) and its regime of discretionary release and review of detention "to the vast majority of noncitizens allegedly in this country without valid documentation"—a practice codified by regulation. *Id.* As early as 1997, in the regulations implementing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Immigration and Naturalization Service and the Executive Office for Immigration Review stated that "[d]espite being applicants for admission, aliens who are present without having been admitted or

3

> paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed. Reg. at 10323. The government's briefing in this case acknowledges that its position historically was that section 1226(a) was "an available detention authority for aliens [present without being admitted or paroled] placed in full removal proceedings under § 1229a." (Dkt. No. 16 ("Opp.") at 12.)
>
> However, the government now disavows its prior position in light of subsequent "legal developments," including its 2025 designation "restor[ing] the scope of expedited removal to the fullest extent authorized by Congress," 90 Fed. Reg. at 8139. (Opp. at 12.) It contends that section 1225 is "the sole applicable detention authority for *all* applicants for admission" and asserts that all applicants for admission are "subject to the mandatory detention framework" of section 1225(b). (Opp. at 12, 14.)

Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654, at *4 (N.D. Cal. Sept. 26, 2025) (footnote omitted).

"The various legal arguments relied upon by Respondents to support this assertion [that Petitioner's detention is mandatory under 1225(b) while his removal proceedings are pending] have been rejected by this Court in other proceedings." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *9 (E.D. Cal. Dec. 9, 2025). See Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (noting that "[h]ere in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission,'" recognizing "[o]ther district courts have also reached the result that Section 1226(a), not Section 1225(b)(2), provides the appropriate framework for noncitizens already residing in the United States," and collecting cases).

This Court will follow the majority approach in finding that "Respondents' proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826, at *5 (E.D. Cal. Nov. 12, 2025).

///

Based on the foregoing, the undersigned recommends finding that the statutory basis of Petitioner's detention is 8 U.S.C. § 1226(a), which provides for release on bond or conditional parole, and thus, Petitioner is entitled to habeas relief on this ground. The undersigned further recommends Petitioner "must be given a prompt bond hearing under the framework of 8 U.S.C. § 1226(a) or released." Huerta v. Bondi, No. 1:25-CV-00941 JLT HBK (HC), 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026). See Cristian G. G. S. v. Bondi, No. 1:26-CV-01408 JLT SKO (HC), 2026 WL 788102, at *1 (E.D. Cal. Mar. 20, 2026) ("Because Petitioner has never been subject to a formal evaluation by any immigration authority as to his danger to the community and/or flight risk, the appropriate remedy here is a custody hearing under 8 U.S.C. § 1226(a).").[2]

### B. Abeyance Pending Rodriguez Vazquez Appeal

Respondents request that "[i]n the alternative, the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of" Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir.). (ECF No. 9 at 2.) Given the uncertainty regarding when the Rodriguez Vazquez appeal will be decided, the undersigned recommends declining to hold further proceedings on the petition in abeyance.

### C. Motion to Appoint Counsel

Petitioner has moved for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

---

[2] Respondents note that "[r]ecords further reflect the existence of a foreign warrant and allegations of serious criminal conduct in Mexico, including alleged involvement in kidnapping." (ECF No. 9 at 2; ECF No. 9-2.)

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2. Respondents' motion to dismiss (ECF No. 9) be DENIED; and

3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days.

Further, Petitioner's motion to appoint counsel (ECF No. 2) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 17, 2026**                    /s/ _Erica P. Grosj_
                                        UNITED STATES MAGISTRATE JUDGE